IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT W. AVERY                                                                      PLAINTIFF

                 v.                        Civil No.  14-5008

CAPTAIN GUYLL, Jail Administrator,
Benton County Detention Center;
SERGEANT MARTINEZ; SERGEANT SHARP;
KEEFE COMMISSARY SUPPLY;
UNKNOWN FOOD SERVICE COMPANY;
CONNECT PHONE SERVICE; LIEUTENANT
DARNER; SERGEANT HEATH; DEPUTY
FREE; DEPUTY LONG; DEPUTY THIELE;
and SHERIFF KELLY CRADDUCK                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights act filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

Plaintiff is currently incarcerated in the Arkansas Department of Correction, Grimes Unit, in Newport, Arkansas. In this case, Plaintiff contends his constitutional rights were violated while he was incarcerated in the Benton County Detention Center (BCDC) in Bentonville, Arkansas.

While he was in the BCDC, Avery contends his constitutional rights were violated in the following ways: the inadequacy of the law library; inadequate meals; being charged excessive rates for phone service and commissary; the use of painful, unnecessary, and unsafe restraints during transportation; refusing to allow him to retain possession of his legal materials; he was punished and his property was lost without Due Process; and his conditions of confinement. With respect to this last claim, Avery contends the facility is unsanitary, there is excessive noise, no area for recreation inside, infrequent trips to the outside recreation area, inadequate ventilation, showers were never disinfected, and it was overcrowded.

**2. Discussion**

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 2014 WL 1258016, *2 (8th Cir. March 28, 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Several of Avery's claims are subject to dismissal. First, his claims about an inadequate law library are subject to dismissal. "Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996)(citing Lewis v. Casey, 518 U.S. 343 (1996)); Bounds v. Smith, 430 U.S. 817 (1997)). The right of access requires the provision of "prisoners with adequate law libraries or adequate assistance from persons trained in the law," Bounds, 430 U.S. at 828, to challenge their criminal charges, convictions, and sentences directly or collaterally or to challenge the conditions of their confinement through civil rights actions, Casey, 518 U.S. at 351; see also Cody v. Weber, 256 F. 3d 764, 767-68 (8th Cir. 2001)("right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court'")(quoting Casey, 518 U.S. at 354-55); Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic).

Although "[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law," *United States v. Knox*, 950 F.2d 516, 519 (8th Cir. 1991)(quotations omitted), the right is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351.

In this case, Avery alleges the library is inadequate. He also alleges that the inmates are forced to view the existing materials in the chaos of the jail booking area with no table or desk

-3-

to work on. Conspicuously absent is any allegation of actual injury or prejudice. Plaintiff was housed in the BCDC when he filed this lawsuit. He does not allege that he missed any deadline with a Court or was unable to pursue a claim because of the inadequate law library. This claim fails as a matter of law.

Second, Avery's allegations that Defendants are overcharging for phone service fails to state a claim of constitutional dimension. As the court in <u>Johnson v. State of California</u>, 207 F.3d 650 (9th Cir. 2000) held, "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls and the complaint alleges no facts from which one could conclude that the rate charged is so exorbitant as to deprive prisoners of phone access altogether." *Id.* at 656. <u>See also Arsberry v. Illinois</u>, 244 F.3d 558 (7th Cir. 2001)(First Amendment not violated by exorbitant telephone rates charged to inmates. No impairment of contracts. No violation of the equal protection and due process clauses of the Fourteenth Amendment.); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 691 (W.D. Ky. 2000)(Agreements between jails and telephone companies did not violate equal protection because the "state's conduct only affects one group of people, namely inmates, all of whom are treated in the same manner.")

Third, the claim about commissary prices is subject to dismissal. Even if Keefe charges exorbitant amounts. no constitutional claim is stated. <u>See Pagan v. Westchester County</u>, 2014 WL 982876, *17 (S.D.N.Y. March 12, 2014)(even if Aramark engages in price gouging, no constitutional claim is stated); <u>Montgomery v. Mancusco</u>, 2013 WL 4590436 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); <u>McKnight v. Taylor</u>, 2012

AO72A
(Rev. 8/82)

WL 5880331 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices").

### 3. Conclusion

For the reasons stated, I recommend that Plaintiff's claims regarding the inadequacy of the law library, the rates charged for telephone calls, and the rates charged for commissary items be dismissed. This dismisses all claims against Keefe Commissary Supply and Connect Phone Service. By separate order, the Court will direct service on the remaining Defendants.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)